UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 12004 RCL

| |
|---|
| INDIA HOUSE OF MASSACHUSETTS, INC. d/b/a BOMBAY CLUB, <br>    Plaintiff <br> v. <br> GRINNELL CORPORATION, <br>    Defendant |

ANSWER AND DEMAND FOR JURY TRIAL
OF DEFENDANT SIMPLEXGRINNELL LP

Defendant, SimplexGrinnell LP, sued herein as "Grinnell Corporation," (hereinafter "SimplexGrinnell" or "this Defendant"), and in Answer to Plaintiff's Complaint, states as follows:

PARTIES

1. Denied. SimplexGrinnell is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies the same.

2. Denied. SimplexGrinnell denies each and every averment set forth in paragraph 2 of the Complaint.

STATEMENT OF FACTS

3. Denied. SimplexGrinnell is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies the same.

-2-

4.  Admitted in part, denied in part. SimplexGrinnell admits that Grinnell Corporation provided cleaning and inspection services to the Bombay Club from 1998 through October, 2001. SimplexGrinnell denies any remaining averments in paragraph 4 of the Complaint.

5.  Admitted in part, denied in part. SimplexGrinnell admits that Grinnell Corporation performed a tri-annual inspection of the Bombay Club on or about October 18, 2001. SimplexGrinnell denies any remaining averments in paragraph 5 of the Complaint.

6.  Denied. SimplexGrinnell is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies the same.

7.  Denied. SimplexGrinnell is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies the same.

COUNT I

Breach of Contract

8.  SimplexGrinnell incorporates by reference, as if fully set forth verbatim herein, its answers and defenses to paragraphs 1 through 7 of Plaintiff's Complaint.

-3-

9. Denied. SimplexGrinnell denies each and every averment set forth in paragraph 9 of the Complaint.

10. Denied. SimplexGrinnell denies each and every averment set forth in paragraph 10 of the Complaint.

11. Denied. SimplexGrinnell denies each and every averment set forth in paragraph 11 of the Complaint.

The unnumbered paragraph following paragraph 11 of Count I of the Complaint, to which SimplexGrinnell states that it denies it is in any way responsible for causing or contributing to the injuries and damages alleged in Plaintiff's Complaint. SimplexGrinnell further denies that it is liable to Plaintiff in any manner or amount whatsoever.

## COUNT II

Negligence

12. SimplexGrinnell incorporates by reference, as if fully set forth verbatim herein, its answers and defenses to paragraphs 1 through 11 of Plaintiff's Complaint.

13. Denied. The averments set forth in paragraph 13 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

-4-

14.    Denied.  SimplexGrinnell denies each and every averment set forth in paragraph 14 of the Complaint.

15.    Denied.

SimplexGrinnell answers the "Wherefore" paragraph following paragraph 15 of Plaintiff's Complaint as follows:

SimplexGrinnell denies that it is in any way responsible for causing or contributing to the injuries and damages alleged in Plaintiff's Complaint.  SimplexGrinnell further denies that it is liable to Plaintiff in any manner or amount whatsoever.

## AFFIRMATIVE DEFENSES

First Defense:  Statute of Limitations and Statute of Repose

1.    SimplexGrinnell states that each of the purported claims in the Complaint is barred by the applicable statute of limitations and/or statute of repose.

Second Defense:  Laches

2.    SimplexGrinnell states that each of the purported claims in the Complaint is barred by the doctrine of laches.

-5-

Third Defense:  Estoppel, Fraud, Waiver and Release

3.      SimplexGrinnell asserts the defenses of estoppel, fraud, waiver and release.

Fourth Defense:  Misuse of System

4.      Plaintiff's alleged damages, if any, were caused by and/or are attributable to Plaintiff's abuse, alteration, or modification of the kitchen hood system at issue.

Fifth Defense:   Failure to Mitigate Damages

5.      Based upon information and belief, Plaintiff has failed to mitigate its damages, if any.

Sixth Defense:  Accord and Satisfaction

6.      SimplexGrinnell asserts the defense of accord and satisfaction.

Seventh Defense:  Failure To State Claim

7.      The Plaintiff in its allegations set forth in the Complaint has failed to state a claim upon which relief can be granted.

Eighth Defense:  Intervening, Superceding Cause

8.      If Plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening, superceding cause or causes leading to these alleged injuries,

-6-

and, therefore, any claimed action or omission on the part of SimplexGrinnell was not the proximate and/or competent production cause of the alleged injuries.

Ninth Defense:  Causation by Third Parties

9. If Plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct of one or more third persons or entities for whose conduct SimplexGrinnell is not responsible or with whom SimplexGrinnell has no legal relation, and were not caused by the conduct of SimplexGrinnell.

Tenth Defense:  Failure to Join Necessary Parties

10. The Plaintiff has failed to join all necessary parties.

Eleventh Defense:  Proximate Cause

11. No act or omission of SimplexGrinnell proximately caused any alleged injury or damage to Plaintiff.

Twelfth Defense:  Statute of Frauds

12. SimplexGrinnell asserts that the statute of frauds bars the claims in the Complaint.

Thirteenth Defense:  Res Judicata, Collateral Estoppel

13. Plaintiff's claims are barred by res judicata and/or collateral estoppel.

-7-

Fourteenth Defense:   Comparative Fault

14. If Plaintiff sustained the injuries alleged in the Complaint, which is denied, SimplexGrinnell asserts that the Plaintiff bears a greater percentage of fault than any combined percentage of fault attributable to the Defendant, which is denied, and therefore are barred from recovery.

Fifteenth Defense:   Compliance with Applicable Standards

15. At all times material hereto, SimplexGrinnell, its agents, servants, and employees, acted, if at all, in a prudent and careful manner, and in accordance with all applicable standards.

Sixteenth Defense:   Lack of Contract

16. At all times material hereto, there was no contract in existence between the Plaintiff and SimplexGrinnell.

Seventeenth Defense:   Reservation of Other Defenses

17. SimplexGrinnell states that it intends to rely on other affirmative defenses, which may become available or apparent during discovery, and hereby reserves its right to amend this answer to assert such defenses.

WHEREFORE, Defendant SimplexGrinnell LP, having fully answered Plaintiff's Complaint, requests that the Complaint be dismissed with costs, and that it have such

-8-

other relief as the nature of this cause may require.

## DEMAND FOR JURY TRIAL

SimplexGrinnell hereby demands a trial by jury.

        Respectfully submitted,

        SIMPLEXGRINNELL LP,
        By its Attorneys,

        CURLEY & CURLEY P.C.


        /s/ Robert A. Curley, Jr.
        Robert A. Curley, Jr., Esq.
        27 School Street
        Boston, MA  02108
        (617) 523-2990
        BBO # 109180


Of Counsel:

Scott E. Massengill
WHITNEY & BOGRIS, L.L.P.
401 Washington Avenue
Twelfth Floor
Towson, MD 21204

## CERTIFICATE OF SERVICE

    I, Robert A. Curley, Jr., Esq., hereby certify that I served a copy of the foregoing Answer to Complaint of Defendant SimplexGrinnell LP by mailing a copy postage prepaid to:

-9-

Thomas P. McCusker, Jr., Esq.
580 High Street
P. O. Box 410
Westwood   MA   02090


Kevin G. Libby, Esq.
Monaghan Leahy, LLP
95 Exchange Street
Portland   ME   04112


Dated:   October 4, 2004          /s/ Robert A. Curley, Jr.
                                                    Robert A. Curley, Jr., Esq.
                                                    CURLEY & CURLEY P.C.
                                                    27 School Street
                                                    Boston, MA  02108
                                                    (617) 523-2990
                                                    BBO # 109180